**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MARIO GRIMES,** ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | **CIVIL NO. 08-cv-293-MJR** |
| vs. ) | |
| ) | **CRIMINAL NO. 05-cr-30161** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner was charged with seven counts of threatening to assault or murder a federal officer, 18 U.S.C. § 115(a)(1)(B), and two counts of actual assault on a federal officer, 18 U.S.C. § 111(a). Less than a month before trial, Petitioner entered an open plea of guilty to the seven counts of making threats, proceeding to trial only on the two assault counts (Count 6 and Count 8). At trial, the jury acquitted him on one of the assault charges (Count 8), but found him guilty on the other (Count 6). On September 29, 2006, this Court imposed a sentence of 72 months incarceration, three years supervised release, a special assessment of $800, and a fine of $800. On appeal, Petitioner argued that the evidence was insufficient to support his conviction on the assault charge, and this Court erred in applying a two-level enhancement for causing bodily injury to the officer. *United States v. Grimes*, 219 Fed.Appx. 552 (7th Cir.), *cert. denied*, 128 S.Ct. 191 (2007). Those arguments were rejected; his conviction and sentence were affirmed.

In his § 2255 motion, Petitioner argues (1) that this court was without subject matter jurisdiction to accept his guilty plea on the seven counts of threatening a federal officer, (2) that this

court did not have discretionary power to impose a 72-month sentence on the assault conviction, and (3) that counsel's performance was constitutionally ineffective.

**GENERAL PRINCIPLES**

Relief under Section 2255 is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), *citing Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). A criminal defendant may attack the validity of his sentence under Section 2255 only if

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255; *Prewitt*, 83 F.3d at 816. However, a Section 2255 motion "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *see also Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994). Therefore,

> [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

*Prewitt*, 83 F.3d at 816 (emphasis in original). *See also Reed v. Farley*, 512 U.S. 339, 354 (1994). The Seventh Circuit has made it very clear that there are three types of issues that cannot be raised in a Section 2255 motion:

> "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised of direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal."

*Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds, Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994).

## SUBJECT MATTER JURISDICTION

Petitioner first argues that the Court did not have subject matter jurisdiction over the seven counts of making threats against a federal law enforcement officer. His basis for this assertion is simple: he believes that correctional officers working for the Bureau of Prisons are not federal law enforcement officers as defined by the statute. 18 U.S.C. § 115(c)(1). This argument was not presented on direct appeal and, therefore, it is procedurally defaulted. Furthermore, such an argument is patently frivolous. *See, e.g, United States v. Xavier*, 310 F.3d 1025 (7th Cir. 2002) (prosecution under § 115 for threatening to kill a Bureau of Prisons officer aboard Con Air).

## SENTENCING ISSUES

Petitioner's second argument is that the Court did not have the discretion to sentence him to 72 months on the assault charge. The basis for this argument is the two-level enhancement for causing bodily injury; Petitioner asserts that his assault on Officer Walters did not cause such injury warranting this sentence enhancement. This argument was raised, unsuccessfully, on direct appeal; it may not be raised again in a § 2255 motion.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's two claims of ineffective assistance of counsel are simply repetitions of his two substantive claims; he argues that counsel was ineffective in failing to present these arguments at trial.

In order to show ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must satisfy a two-pronged test by showing: (1) "counsel's representations fell below an objective standard of reasonableness" (the performance prong); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different" (the prejudice prong).  *Strickland*, 466 U.S. at 688, 694.

Counsel's failure to present a legally frivolous argument regarding the seven § 115 counts is hardly ineffective.  Likewise, Petitioner cannot establish any prejudice from Counsel's failure to raise this argument.  Because the claim regarding bodily injury was raised at sentencing and also on direct appeal, Petitioner has no claim regarding counsel's performance on this point.

## CONCLUSION

As discussed above, none of the grounds presented by the Petitioner entitle him to relief under Section 2255 of Title 28.  Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 21st day of November, 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
